IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAJ BECKER, M.D.,<br><br>    Plaintiff,<br><br><br><br><br><br>        vs.<br><br><br>J. DENIS KROLL, et al,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY<br><br><br><br>Case No. 2:02-CV-24 TS |

This matter is before the Court on Defendants' Motion to Exclude Expert Testimony. The Court notes that both Defendants' Motion and Plaintiff's response are over-length. The Court reminds the parties that Motions in Limine are limited to 3 pages pursuant to the Trial Order. For the reasons discussed below the Court will grant the Motion in part and deny it in part.

## I. BACKGROUND

Dr. Becker claims she lost business as a result of the Utah's Medicaid Fraud Control Unit ("MFCU") investigations and has designated D. Lynn Davis as an expert witness to testify on the causation of her lost business. Dr. Becker has submitted a report prepared by D. Lynn Davis, the

owner of a company that provides accounting and management services to doctors.  Defendants

argue Mr. Davis is not qualified to testify as an expert on the causation of lost business, and,

therefore must be excluded under the *Daubert* standard.

## II.  DISCUSSION

A.  *DAUBERT*

Fed.R.Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact
> to understand the evidence or to determine a fact in issue, a witness qualified as an
> expert by knowledge, skill, experience, training, or education, may testify thereto
> in the form of an opinion or otherwise, if (1) the testimony is based upon
> sufficient facts or data, (2) the testimony is the product of reliable principles and
> methods, and (3) the witness has applied the principles and methods reliably to
> the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals Inc.*[1] and *Kumho Tire Co., Ltd. v.

Carmichael*,[2] the Supreme Court interpreted the requirements of Rule 702.  "*Daubert* requires a

trial judge to 'ensure that any and all scientific testimony or evidence admitted is not only

relevant, but reliable.'"[3]  "In applying Rule 702, the trial court has the responsibility of acting as

a gatekeeper."[4]  "Faced with a proffer of expert scientific testimony, then, the trial judge must

determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1)

scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in

---

[1]509 U.S. 579 (1993).

[2]526 U.S. 137 (1999).

[3]*Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1163 (10th Cir. 2000) (quoting *Daubert*, 509 U.S. at 589).

[4]*In re Breast Implant Litigation*, 11 F.Supp. 2d 1217, 1222 (D. Colo. 1998).

issue."[5]

"The Supreme Court has provided some guidance for the task of determining scientific validity."[6] "This inquiry is 'a flexible one,' not governed by a 'definitive checklist or test.'"[7] Some factors to consider are whether the expert's theory or technique: (1) can be (and has been) tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error with standards controlling the technique's operation; and (4) enjoys widespread acceptance in the relevant scientific community.[8]

"*Kumho Tire* establishes that the 'gatekeeping' requirement set forth in *Daubert* 'applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge.'"[9] "The object of that requirement 'is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'"[10]

Plaintiff argues that Mr. Davis is qualified to testify as to the possible reasons for the decline in income based on his degree in accounting and specialization in medical and dental office finances, income and management. However, in the portion of Mr. Davis' report filed

---

[5]*Daubert*, 509 U.S. at 592.

[6]*In re Breast Implant Litigation*, 11 F.Supp. 2d at 1223.

[7]*Atlantic Richfield*, 226 F.3d at 1163 (quoting *Daubert*, 509 U.S. at 593).

[8]*Id*.

[9]*Id*. (quoting *Kumho Tire*, 526 U.S. at 141) (citation omitted).

[10]*Id*. (quoting *Kumho Tire*, 526 U.S. at 152).

with the Court, there is no statement of methods, theories or techniques used by Mr. Davis in reaching his conclusions.  Similarly, there is no mention of any peer review of the unnamed methods.  Finally, there is no discussion on error rates, nor any discussion of the methods accepted in the relevant  field.  Instead Mr. Davis' report states the incomes of every year after the investigation, makes note of the losses, and expresses a belief that the business should have grown at a rate of 5% per year.  As previously stated, there is no basis or method stated for this conclusion.  Because the report does not meet any of the factors outlined in *Daubert*, the Court must exclude testimony related to the causes of the decrease in Dr. Becker's income.  Mr. Davis will be permitted to testify as long his testimony is in regards to the actual decline in income, rather than any explanation or justifications for the decrease.

Plaintiff has shown Mr. Davis is qualified in the field of medical and dental accounting and office management.  But he will not be allowed to testify as an expert with regards to the connection between the charges against Dr. Becker and her subsequent loss of income. Moreover, Mr. Davis has provided detailed charts demonstrating the loss over time from the date of the investigations.

III. Conclusion

Based on the above, it is hereby

4

ORDERED that Defendants' Motion to Exclude Expert Testimony (Docket No. 237) is

DENIED IN PART AND GRANTED IN PART as outlined above.

DATED   January 21, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge

5