IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAJ BECKER, M.D., <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br><br> J. DENIS KROLL, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM DR. ROBERT M. SATOVICK <br><br><br><br><br><br> Case No. 2:02-CV-24 TS |

This matter is before the Court on Plaintiff's Motion in Limine to exclude testimony from Dr. Robert M. Satovick. For the reasons discussed below, the Court will grant the motion.

Defendants have recently listed Dr. Satovick on a draft witness list given to Plaintiff in preparation for inclusion in the pretrial order. Defendants state they intend to call Dr. Satovick as both a fact and an expert witness.[1] Both parties submitted their expert witness list on February 15, 2008, in regards to the libel claim which has since been resolved. Dr. Satovick was not on Defendants' list.[2] The Honorable Dale A. Kimball entered an "Order Granting a Stipulated

---

[1] Docket No. 260 at 2.

[2] Docket No. 197.

1

Motion for Enlargement of Time to File Expert Witness List" on February 19, 2008.[3] That order extended the deadline for submission of expert reports to February 29, 2008.[4] However, no further expert reports were ever filed in this case. Plaintiff seeks to have all of Dr. Satovick's testimony excluded.

Defendants argue Dr. Satovick's testimony should not be excluded because Plaintiff has known about Dr. Satovick because he was identified in Defendants' Initial Disclosures. Defendants further argue that Dr. Satovick should not be excluded because Plaintiff herself included Dr. Satovick in her expert witness designation.[5]

If Dr. Satovick is an expert, Rule 26(a)(2)(A) applies and provides for the disclosure of expert witnesses as follows:

> In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal rule of Evidence 702, 703 or 705.[6]

Rule 26(a)(2)(B) also requires the disclosure of expert reports.[7] As stated above, Dr. Satovick was not disclosed and an expert report was not provided.

If Dr. Satovick is a fact witness, Rule 26(a)(3) would also require disclosures. Unless otherwise ordered by the Court, these disclosures must be made at least 30 days before trial.[8] It

---

[3]Docket No. 200.

[4]*Id*.

[5]Docket No. 198.

[6]FED.R.CIV.P. 26(a)(2)(A).

[7]FED.R.CIV.P. 26(a)(2)(B).

[8]Fed.R.Civ.P. 26(a)(3)(B).

does not appear from the Docket that Defendants have filed any Rule 26(a)(3) disclosures.

Here it is clear that Defendants have failed to comply with both of these disclosure rules. Fed.R.Civ.P. 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[9]

The Tenth Circuit has directed that

> [a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.  Nevertheless, the following factors should guide [the Court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[10]

Plaintiff claims she will be prejudiced if Dr. Satovick is permitted to testify.  Plaintiff states that she only listed Dr. Satovick as a possible witness in the event the defense called him at trial.  Plaintiff further states that although she mentioned a report, it was based on an assumption that there was a report, even though none has been filed and Plaintiff has never seen one. Additionally, Plaintiff points to the misspelling of Dr. Satovick's name in her designation as proof that she did not have any connection to Dr. Satovick.

The Court finds Plaintiff will be prejudiced if Dr. Satovick were permitted to testify because he was never designated as an expert witness and Plaintiff has never seen any report prepared by him.  Moreover, with five days remaining until trial, the Court finds this prejudice cannot be cured without disruption of the trial.  Therefore the Court will not permit Dr. Satovick

---

[9] FED.R.CIV.P. 37(c).

[10] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).

to testify as an expert.

Defendants also state an intention to call Dr. Satovick as a fact witness. However, as they have not complied with the Rule 26(a)(3) disclosures either, the Court will not permit Dr. Satovick to testify as a fact witness.

Defendants' argue that Dr. Satovick testified in a preliminary hearing. However, this was in a separate matter and Defendants have not indicated when or where the transcript or record of the testimony was provided to Plaintiff.

It is therefore

ORDERED Plaintiff's Motion to Exclude Testimony of Dr. Robert M. Satovick (Docket No. 248) is GRANTED.

DATED   January 28, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge