IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAJ BECKER, M.D.,<br><br>  Plaintiff,<br><br>vs.<br><br>J. DENIS KROLL, et al.,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE DR. NANCY FUTRELL FROM TESTIFYING<br><br><br>Case No. 2:02-CV-24 TS |

  This matter is before the Court on Defendants' Motion in Limine to Exclude Dr. Nancy Futrell from Testifying. For the reasons discussed below, the Court will deny the Motion.

### I. BACKGROUND

  Plaintiff intends to call Dr. Nancy Futrell as an expert witness. Defendants argue that Plaintiff has failed to disclose a written report for Dr. Futrell as required by Fed.R.Civ.P. 26(a)(2)(B). As a result, Defendants state that Dr. Futrell's testimony should be excluded. Plaintiff argues that she properly designated Dr. Futrell as an expert witness[1] and that Dr. Futrell's testimony at an administrative hearing constitutes her report as required under the Rule.

---

[1] *See* Docket No. 198.

1

## II. DISCUSSION

Fed.R.Civ.P. 26(a)(2)(B) states:

Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the data or other information considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Having reviewed Dr. Futrell's testimony at the administrative hearing, the Court agrees that it does not comply with the requirements of Rule 26. This does not end the Court's analysis, however. Fed.R.Civ.P. 37(c) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[2]

The Tenth Circuit has directed that

[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide [the Court's] discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[3]

---

[2]Fed.R.Civ.P. 37(c).

[3]*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).

Considering these factors here, the Court finds that Plaintiff's failure to provide an expert report is both harmless and substantially justified. Defendants have not argued that they will be prejudiced if Dr. Futrell is allowed to testify. Indeed, all evidence is to the contrary. Plaintiff's counsel has submitted an email from July 1, 2008, in which he indicates to Defendants' counsel that he intended to use Dr. Futrell's testimony at the administrative hearing as her expert report.[4] There is no indication that Defendants' counsel objected to that practice. In that same email, Plaintiff's counsel attached Dr. Futrell's resume.[5] From this email, it appears that Defendants were made aware of Dr. Furtell's testimony and stipulated to Plaintiff's proposed use of that testimony as her expert report. This is type of procedure is permitted under Rule 26(a)(2)(B).[6] Plaintiff's counsel also offered Defendants' counsel an opportunity to depose Dr. Futrell.[7] Based on the information in the record, the Court cannot find that Defendants would be prejudiced or surprised by Dr. Futrell's testimony.[8] Since there is no prejudice or surprise to Defendants, there is no need to cure any prejudice and there is no concern that the trial will be disrupted. Finally, there is no evidence of bad faith or willfulness.

---

[4] Docket No. 267, Ex. A.

[5] *Id*.

[6] Fed.R.Civ.P. 26(a)(2)(B) requires a report "[*u*]*nless otherwise stipulated . . . .*" (emphasis added).

[7] Docket No. 267, Ex. C.

[8] The absence of surprise or prejudice differentiates this matter from the Court's previous ruling on Plaintiff's Motion in Limine to Exclude Testimony from Dr. Robert M. Satovick. *See* Docket No. 264, at 3 (finding that "Plaintiff will be prejudiced if Dr. Satovick were permitted to testify because he was never designated as an expert witness and Plaintiff has never seen any report prepared by him."). The Court notes that Defendants have asked the Court to reconsider its Order on that Motion. *See* Docket No. 269.

## III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion in Limine to Exclude Dr. Nancy Futrell from Testifying (Docket No. 261) is DENIED.

DATED   January 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge