IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAJ BECKER, M.D., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> J. DENIS KROLL, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER TAKING UNDER ADVISEMENT DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE 2002 ADMINISTRATIVE PROCEEDINGS <br><br><br><br> Case No. 2:02-CV-24 TS |

     This matter is before the Court on Defendants' Motion in Limine to Exclude Evidence of the 2002 Administrative Proceedings. For the reasons discussed below the Court will take the Motion under advisement.

I. Background

     Plaintiff in this case was originally charged criminally with Medicaid Overbilling. This charge was eventually dismissed. Twenty days after the dismissal of the criminal charge, on September 26, 2000, Defendant Gardner referred the case to the Department of Health for administrative proceedings based on the same alleged over-billing that formed the basis of the criminal case. Plaintiff prevailed in this administrative hearing. Defendants seek to exclude the

1

proceedings from this administrative review that eventually occurred in 2002.

## II. Analysis

Defendants argue that the 2002 administrative proceedings should not be introduced because they are irrelevant under Federal Rule of Evidence 401, overly prejudicial under Rule 403, and hearsay under Rule 801.

Rule 401 states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[1]

Plaintiff has stated a claim for retaliatory inducement. As such, Plaintiff has the burden to show the absence of probable cause to initiate criminal proceedings.[2] Plaintiff was exonerated during the administrative proceedings. The proceedings deal with the same information collected by the state in the criminal matter.[3] One of the major issues before the Court is whether probable cause existed at the time the criminal proceedings began. The outcome of the administrative proceedings bear on this determination.

Plaintiff also states a claim for defamation against Defendant Evans and Defendant Gardner. Because Defendants were state officials they would be protected by sovereign immunity unless Plaintiff can show they acted with malice.[4] In Utah, malice in this context requires Plaintiff to show "an improper motive such as a desire to do harm or that the defendant

---

[1] FED. R. EVID. 401.

[2] *Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007)

[3] Plaintiff's Memoradum in Opposition to Motion in Limine to Exclude Evidence of the 2002 Administrative Proceedings, Ex. A, Docket No. 268-2.

[4] *Becker*, 494 F.3d at 927.

did not honestly believe his statements to be true or that the publication was excessive."[5] Therefore evidence of the proceedings could also be relevant to show Defendants belief the statements were true.

> Rule 403 states:
>
> Although relevant, evidence ay be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[6]

Defendants argue that the inclusion of the 2002 administrative proceedings would result in confusion of the issues, unfair prejudice, undue delay. The Court acknowledges that it is possible introduction of certain evidence would confuse the issues. But, without information regarding what type and how evidence of the 2002 administrative proceedings is intended to be used, the Court cannot determine at this point in time whether introduction of such evidence will confuse the issues and result in unfair prejudice.

Defendants also argue that the inclusion of the 2002 administrative proceedings will require explanation of the differences between those proceedings, claims, defenses, etc., and the case before the Court. Defendants argue this will result in extra witnesses, and at least one half-day of testimony which will make it difficult to conclude in the four days allotted by the Court. The Court finds the trial is scheduled for four days and will not exclude relevant evidence merely because it will be a burden on the parties to conclude the trial in a timely manner.

Finally, Defendants argue evidence of the 2002 administrative proceedings amounts to

---

[5] *Id.* at 917-28.

[6] FED. R. EVID. 403.

hearsay under Rule 801 and is therefore inadmissible.

Rule 801 states in part: "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[7]  However, the inadmissibility of hearsay is not absolute as there are many exceptions and exemptions.  Rule 803(8), the public records and reports, exception, states that public records setting forth the activities of the office or agency.[8]  Additionally Rule 807 provides for a residual exception for statements not covered in the other exceptions or exemptions but carrying the equivalent circumstantial guarantees of trustworthiness.[9]  The Court will not exclude the testimony based on hearsay at this time.

### III.  Conclusion

Neither party has advised the Court of the type of or intended use of evidence of the 2002 administrative proceedings.  However, the Court finds some type of evidence regarding the administrative proceeding may be both probative and relevant to for a variety of reasons.  Similarly, the Court is unable to determine what evidence, if any, will result in confusion of the issues of prejudice to Defendants.  Finally, because the Court finds there might be valid exceptions and exemptions to the introduction of what otherwise might be hearsay, it will not exclude the testimony based on hearsay at this time.  Instead the Court will deal with specific issues relating to specific evidence as they arise at trial.

It is therefore

---

[7] FED. R. EVID. 801.

[8] FED. R. EVID. 803(8).

[9] FED. R. EVID. 807.

ORDERED that Defendants' Motion to Evidence of Exclude 2002 Administrative Proceedings (Docket No.251) is TAKEN UNDER ADVISEMENT.

DATED   January 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge