IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAJ BECKER, M.D.,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>J. DENIS KROLL, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF THE PRELIMINARY HEARING AND THE STATE MAGISTRATE'S POSSIBLE BIND OVER<br><br><br><br>Case No. 2:02-CV-24 TS |

      This matter is before the Court on Plaintiff's Motion in Limine to Preclude Evidence of the Preliminary Hearing and the State Magistrate's Possible Bind Over. For the reasons discussed below the Court will grant the Motion.

      The Federal Rules of Evidence state that only relevant evidence is admissible.[1] Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probably than it would be without

---

[1] FED. R. EVID. 402.

1

the evidence."[2]  The Court finds the magistrates ultimate determination at the Bind Over to be irrelevant.  The relevant issue is Defendant Wright's state of mind at the time he initiated criminal charges against Plaintiff.  This state of mind occurred months earlier than the bind over.  Excluding the ultimate decision of the state magistrate does not mean this Court is excluding evidence presented at the bind over.

The Court further finds the bind over determination to be overly prejudicial.  This Court previously found the determination of the bind over not to have any preclusive effect.[3]  It is highly likely that a jury would be overly persuaded by another judge's findings.  Morever, as discussed in this Court's previous Order, Plaintiff was never given an opportunity to respond to the bind over.  The Court finds inclusion of the bind over would result in a mini-trial over circumstances surrounding the bind over.  The Court intends to avoid mini-trials of any kind and instead focus on the issues directly at hand.

Defendants argue exclusion of the bind over necessitates the dismissal of the defamation claim.  The effect, if any, on preclusion of statements regarding the bind over on the Plaintiff's defamation claim is not an issue before the Court at this time.

It is therefore

---

[2] FED. R. EVID. 401.

[3] Docket No. 225, at 16.(holding that because there was no preclusive effect Plaintiff could present her evidence regarding information withheld from prosecutor).

ORDERED that Plaintiff's Motion in Limine to Preclude Evidence of the Preliminary Hearing and the State Magistrate's Possible Bind-Over (Docket No. 253) is GRANTED.

DATED   January 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge