IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAJ BECKER, M.D., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> J. DENIS KROLL, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SUBMIT SPECIAL INTERROGATORIES TO THE JURY <br><br><br><br><br> Case No. 2:02-CV-24 TS |

This matter is before the Court on Defendants' Motion to Submit Special Interrogatories to the Jury. The Plaintiff has a two minor objections to the wording in two of the proposed questions but otherwise does not object to the use of the form. For the reasons discussed below the Court will deny the Motion.

Defendants submitted a proposed special interrogatory to be submitted to the Jury regarding the potential qualified immunity of Defendant Wright. Defendants argue that qualified immunity is a question of law to be determined by the Court. The Court does not disagree and does not intend to submit issue of qualified immunity to the Jury.

However, the Court finds that there would be no difference in submitting one question to the Jury on a verdict form asking whether they, the Jury, has found that Defendant Wright

1

violated Plaintiff's constitutional rights.  The Court finds that such a question is the ultimate question the jury must consider in order for the Court to makes its determination on qualified immunity.  The determination of qualified immunity is a two prong test.  The first prong asks whether a reasonable jury could find a defendant violated the plaintiff's constitutional rights.[1]  The second prong of the analysis is whether at the time of the violation the law was clearly established.[2]

The proposed special interrogatories go to the first prong of the determination.  The questions on the proposed form are all addressed in the jury instructions.  In order to answer the constitutional issue the jury necessarily must answer all of the mini-questions in the proposed special interrogatories.  Therefore, the Court finds the special interrogatory is unnecessary, will confuse the jury, and the same outcome can be garnered by one question on the verdict form.

In support of their argument that a special interrogatory is necessary in the case of qualified immunity, Defendants cite *Gonzales v. Duran*,[3] for the proposition that the best way for a trial court to submit the qualified immunity question to the jury is through special interrogatories.[4]  In this case though the Court is not submitting the question of qualified immunity to the jury.  Instead, it is merely submitting questions to the Jury that will ultimately assist the Court in its final determination regarding Defendant Wright's qualified immunity.

It is therefore

---

[1] *See Herrera v. Bernalillo County Board of County Com'rs,*, 2010 WL 226571, at *3 (10th Cir. January 20, 2010) (Slip Copy).

[2] *Id*. at *4.

[3] — F.3d—, 2009 WL 4912301 (10th Cir. Dec. 22, 2009).

[4] *Id*. at *3-4.

ORDERED that Defendant's Motion to Submit Special Interrogatories to the Jury (Docket No. 241) is DENIED.

DATED   February 4, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge