IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAJ BECKER, M.D.,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>J. DENIS KROLL, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT JEFF WRIGHT'S REQUEST FOR TAXATION OF COSTS AND AFFIRMING THE CLERK'S ORDER REGARDING COSTS<br><br><br><br><br><br>Case No. 2:02-CV-24 |

This matter is before the Court on Defendant Jeff Wright's request for taxation of costs and review of the Clerk's order regarding costs. For the reasons discussed below, the request for taxation of costs will be denied and the Court will affirm the taxation of costs.

This case was closed by entry of judgment on February 9, 2010, based upon a jury verdict in favor of Plaintiff against David Gardner and Gale R. Evans. Other named defendants had been dismissed from the lawsuit by summary judgment rulings prior to the jury trial. One defendant, Jeff Wright, was dismissed pursuant to the jury verdict which found that there was no cause of action against him. A bill of costs with accompanying memorandum was filed by

1

Defendant Wright on February 23, 2010. After receiving an extension of time, Plaintiff filed a bill of costs on March 17, 2010. Defendant Wright filed an objection to Plaintiff's bill of costs on March 31, 2010. On April 13, 2010, the Clerk taxed $10,112.02 in costs for Plaintiff. Defendant Wright filed the current request for review on April 22, 2010, and Plaintiff filed an objection on April 26, 2010.

According to local rule DUCivR 54-2(d), "[t]axation of costs by the clerk is subject to review by the court when, under Fed. R. Civ. P. 54(d), a motion for review is filed within seven (7) days of entry on the docket of the clerk's action." An award of costs is in the Court's discretion and it is the burden of the non-prevailing party to overcome the presumption in favor of the prevailing party.[1]

> However, we note that the district court's discretion is not unlimited. Rule 54 and those cases interpreting it limit a district court's discretion in two ways. First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party. The second restraint on a district court's discretion is that it must provide a valid reason for not awarding costs to a prevailing party.
> 
> ***
> 
> We have discussed the circumstances in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party. We have held that it is not an abuse of discretion for a district court to refuse to award costs to a party that was only partially successful. Other circuits have held that district courts did not abuse their discretion when they refused to award costs to prevailing parties who were obstructive and acted in bad faith during the litigation. Courts have also held that it was not an abuse of discretion for district courts to deny costs when damages were only nominal, or the nonprevailing party was indigent. The Sixth Circuit has similarly held that a district court may deny a motion for costs if the costs are unreasonably high or unnecessary, a prevailing

---

[1] 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2668, at 201 (3d ed. 2010).

party's recovery is insignificant, or the issues are close and difficult.[2]

In this case, Defendant Wright argues that because the jury found no cause of action against him, he was a prevailing party, and is therefore entitled to costs. Defendant Wright also argues that because he submitted a bill of costs, which was not objected to by Plaintiff, he is entitled to such costs according to Local Rule DUCivR 54-2(c). That rule states: "[w]here no objections are filed, the clerk will tax the costs and allow such items as are taxable under law."

Plaintiff argues that the Clerk's entry was proper and that Defendant Wright is not entitled to recover costs. First, Plaintiff argues that this case is more than eight years old, that Defendant Wright forced Plaintiff through unnecessary hoops for almost ten years, including two motions for summary judgment and an appeal to the Tenth Circuit, both of which Defendant Wright lost. Additionally, although Plaintiff has borne the cost of the entire litigation, Plaintiff argues that there is no indication Defendant Wright has even paid a dime for his defense. Plaintiff argues that Defendants, including Mr. Wright, exhibit behavior constituting bad faith because even though the judgment was entered on February 9, 2010, payment was not made to Plaintiff until April 26, 2010. Moreover, Defendant Wright is seeking costs with respect to a certain Brent Little, who, Plaintiff states, was not deposed and did not testify at trial. Plaintiff admits she did not object to the clerk regarding these costs for a variety of reasons, but fails to state any. Plaintiff asks the Court to act in equity, consistent with the Clerk's judgment.

Although Defendant Wright was "a prevailing party," he was represented and his defense was presented simultaneously with other Defendants who were not prevailing parties. Defendant

---

[2]*Cantrell v. IBEW, Loc. 2021*, 69 F.3d 456, 459 (10th Cir. 1995).

Wright's bill of costs includes costs associated with the defense of those non-prevailing parties. Defendant Wright does not specify what portion of such costs or which costs were specifically made in his defense only. Therefore, awarding costs to Defendant Wright would be indistinguishable from awarding costs to the non-prevailing parties. Although a court may in its discretion award costs to non-prevailing parties, it declines to do so in this case. Moreover, because, as correctly stated by the Clerk "all defendants were either direct state employees or undertaking governmental duties. The state attorney general's office provided representation for the defendants with some assistance of outside counsel,"[3] Defendant Wright did not contribute monetarily to his defense and is consequently not facing any loss.

For the reasons discussed above, the Court hereby

AFFIRMS the taxation of costs.

DATED   August 16, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] Docket No. 306 at 2.